### THE YALE.

### STEWART v. LOS ANGELES S. S. CO.
### No. 6597.

Circuit Court of Appeals, Ninth Circuit.
May 23, 1932.

C. H. Fish, of San Francisco, Cal., for appellant.

Farnham P. Griffiths, George E. Dane, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

Appellant filed a libel to recover for personal injuries suffered by him by reason of an accident occurring on the 12th day of November, 1930, while he was engaged as an oiler on board the steamship Yale, owned by the Los Angeles Steamship Company. Appellant's duty was to take care of the auxiliary machinery in the engine room and make thirty-minute rounds over the engine proper, the main bearings, and the shaft bearings. In pursuance of his duties he was called upon to inspect the bearings of the three propeller shafts every half hour to ascertain whether they were heating up and whether or not there was any necessity for additional oil. In making his rounds he was required to cross the propeller shaft of the center propeller. In doing so he was injured as hereinafter stated and claims that the injury resulted from the unseaworthy condition of the ship, in that the planks of the walk he was required to use passed underneath the propeller shaft so that he was required to step over the shaft which was revolving about 375 times per minute and that no handrail or supports were provided to steady him while so doing. It appears that the plank walk extending underneath the shaft consisted of two planks of a total width of about 20 inches; that the distance from the upper surface of the walk to the under surface of the propeller shaft was $4\frac{1}{2}$ inches, and the shaft was $8\frac{1}{2}$ inches in diameter, so that to clear the shaft the appellant had to raise his foot over 13 inches. In so doing he testified that as he was returning from the port to the starboard side of the vessel and stepped across the propeller shaft, his right foot, or heel, came in contact with the revolving shaft and was suddenly drawn downward; that his shoe was torn off, and in attempting to disengage his foot he threw himself violently against an iron bulkhead and strained his sacroiliac joint. It is for this injury to the sacroiliac joint that he seeks to recover in this action.

Although appellant insisted that there were no handholds available for support in stepping over the propeller shaft, the testimony establishes beyond doubt, both by photographic evidence and by the testimony of witnesses, including the appellant himself upon cross-examination, that there were two vertical pipes immediately forward of the cross planks and so close to the propeller shaft as to be readily available for support; that there were two athwart-ship pipes immediately over the crosswalk within convenient reach; and that there was a horizontal pipe along the face of the after bulkhead parallel to the plank walk within reach thereof, although the appellant claims that this pipe was so far away that it would be awkward to take hold of it. These pipes all carry cold water for cooling the bearings of the three propeller shafts.

The Yale was built in 1906 and has been in continuous use for more than twenty-four

years. During that time, the testimony shows, this walk has been in constant use and no injury has been suffered by any one other than appellant by reason of its use. Appellant himself has used the walk crossing over the revolving propeller more than 3,000 times without injury other than that complained of. He never made complaint that the crosswalk was unsafe, and his principal complaint upon the hearing of the case was that there was no handrail. He admitted that the water pipes were available, but said he feared to use them because of the fact that he once did so and bent the pipe and he feared that he would break the pipe and thus endanger the cooling system.

During the period covered by the operation of the steamship Yale, she has been repeatedly inspected, and apparently no suggestion was ever made by anybody in connection with such inspection that the crossing in question was not reasonably safe for the men employed on the ship. Several witnesses testified that in their opinion it was a reasonably safe place in which to work, and the fact that it has been used for twenty-four years without accident would seem to demonstrate that fact. The facts are in the main undisputed. The only evidence in dispute is as to the availability of the horizontal athwartships water pipes as handholds. The trial court having determined that issue in favor of the appellees upon oral evidence adduced before him, his conclusion will not be disturbed, supported as it is by the preponderance of the evidence. Rideout v. Charles Nelson Co. (C. C. A. 9) 55 F.(2d) 783, 786.

Decree affirmed.